UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Bernabe Bastian
and other similarly situated
individuals,

    Plaintiff(s),

v.

The A. T. R. Corporation
d/b/a North American Transmission
and Dayton A. Babcock, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Bernabe Bastian and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants The A. T. R. Corporation, d/b/a North American Transmission, and Dayton A. Babcock, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under the United States' laws. This Court has jurisdiction pursuant to the

Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Bernabe Bastian is a resident of Orlando, Orange County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant The A. T. R. Corporation, d/b/a North American Transmission (from now on, North American Transmission, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Orlando, Orange County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant Dayton A. Babcock is the owner/partner/and manager of Defendant Corporation North American Transmission. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint occurred in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Bernabe Bastian as a collective action to recover from Defendants half-time overtime compensation,

liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"). Plaintiff brings this action on behalf of himself, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2019 (the "material time") without being adequately compensated.

7. Defendant North American Transmission is a mechanic and transmission repair shop located at 2119 West Central Blvd. Orlando, FL 32805, where Plaintiff worked.

8. Defendants North American Transmission and Dayton A. Babcock employed Plaintiff Bernabe Bastian from February 01, 2022, to October 11, 2022, or 36 weeks.

9. Plaintiff was a non-exempted, full-time, hourly employee, and he had duties as a mechanic repairing transmissions, engines, brakes, etc.

10. Plaintiff was paid a salary of $1,000.00 weekly.

11. During his employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday from 8:00 AM to 6:00 PM (10 hours daily). Thus, Plaintiff worked an average of 50 hours every week. Plaintiff was not able to take bonafide lunchtime.

12. Plaintiff worked more than 40 hours weekly, but he was not compensated for overtime hours as required by law.

13. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Thus, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. Plaintiff was paid weekly in cash, without any paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

16. On or about October 11, 2022, Plaintiff resigned from his position to pursue better employment opportunities.

17. Plaintiff Bernabe Bastian seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

18. Plaintiff Bernabe Bastian worked for Defendants for a previous period, from 2017 to 2019, but he does not have time records, and he does not remember the exact dates of employment. After discovery, Plaintiff will amend his

Complaint to recover overtime wages corresponding to this period if necessary.

19. Plaintiff Bernabe Bastian is not in possession of time and payment records, but he will provide a preliminary estimate o his unpaid overtime hours based on his last wage rate. After discovery, Plaintiff will adjust the statement of claim accordingly.

## Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half his regular rate.

22. This action is intended to include every mechanic, helper, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff Bernabe Bastian re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This action is brought by Plaintiff Bernabe Bastian and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

25. Defendant North American Transmission is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant employs more than two employees directly engaged in interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff regularly handled or otherwise worked on goods, and/or materials moved in or produced for commerce. Therefore, there is FLSA individual coverage.

27. Defendants North American Transmission and Dayton A. Babcock employed Plaintiff Bernabe Bastian from February 01, 2022, to October 11, 2022, or 36 weeks.

28. Plaintiff was a non-exempted, full-time, hourly employee, and he had duties as a mechanic repairing transmissions, engines, brakes, etc.

29. Plaintiff was paid a salary of $1,000.00 weekly.

30. During his employment with Defendant, Plaintiff had a regular schedule. Plaintiff worked from Monday to an average of 50 hours every week. Plaintiff was not able to take bonafide lunchtime.

31. Plaintiff worked more than 40 hours weekly, but he was not compensated for overtime hours as required by law.

32. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Thus, Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

34. Plaintiff was paid weekly in cash, without any paystub providing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Three Thousand Six Hundred Dollars and 00/100 ($3,600.00)

  b. <u>Calculation of such wages</u>:

    Total period of employment:  36 weeks
    Relevant weeks of employment:  36 weeks
    Total number of days worked: 5 days weekly
    Total hours worked: 50 hours weekly
    Total unpaid O/T hours:  10 overtime hours
    Salary: $1,000.00 weekly: 50 hours= $20.00 an hour
    Reg. rate: $20.00 x 1.5= $30.00 O/T rate-$20.00 rate paid=$10.00
    Half-time Overtime rate= $10.00 an hour

    $10.00 x 10 O/T hours=$100.00 weekly x 36 weeks=$3,600.00

  c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.[1]

38. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these

---

[1] At this time, Plaintiff have limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. At times mentioned, individual Defendant Dayton A. Babcock was the owner/partner, and he directed operations of North American Transmission. Defendant Dayton A. Babcock was the Employer of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of North American Transmission in relation to its employees, including Plaintiff and others similarly situated, and he is jointly and severally liable for Plaintiff's damages.

41. Defendants North American Transmission and Dayton A. Babcock willfully and intentionally refused to pay Plaintiff overtime wages at time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Bernabe Bastian and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Bernabe Bastian and other similarly situated individuals and against Defendants North American Transmission and Dayton A. Babcock based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Bernabe Bastian actual damages, in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Bernabe Bastian demands a trial by a jury of all issues triable as a right by a jury.

Dated:  November 29, 2022

                                    Respectfully submitted,

                                    By:  **/s/ Zandro E. Palma**
                                    ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:	(305) 446-1500
Facsimile:	(305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*